IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01895-PAB

JOHN CRUZ,

    Plaintiff,

v.

ALLY FINANCIAL,

    Defendant.

---

## ORDER

---

The Court takes up this matter *sua sponte* on defendant's Notice of Removal [Docket No. 1]. Because removal was improper, the case is remanded to the state court for all further proceedings.

## I. BACKGROUND

On July 7, 2022, plaintiff John Cruz filed a complaint against defendant Ally Financial in the Boulder County Combined Court in Boulder, Colorado. Docket No. 4 at 1. Defendant received a copy of the complaint on July 13, 2022. Docket No. 1 at 1, ¶ 3. On August 1, 2022, defendant removed the case to this court, asserting jurisdiction under 28 U.S.C. § 1331. *Id.* at 2, ¶ 5.

## II. LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity

jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  As noted above, defendant alleges that the Court has federal question jurisdiction over this case.

"Federal district courts must strictly construe their removal jurisdiction."  *Env't. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  It is well settled that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  There is a presumption against removal jurisdiction.  *MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, No. 15-cv-0467-WJM-KMT, 2016 WL 8234667, at *6 (D. Colo. Sept. 13, 2016) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  "[A]ll doubts are to be resolved against removal."  *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.  *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).  If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).  Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

### III. ANALYSIS

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted). In other words, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To find removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen*, 683 F.2d at 333 (internal quotation marks omitted).

In this case, plaintiff's state court complaint consists of only two sentences. Plaintiff alleges "Ally Financial falsely reported to credit agencys [sic], Experian, Equifax, Transunion. Slander of credit." Docket No. 4 at 1. In its notice of removal, defendant states that, plaintiff "seeks to recover damages suffered as a result of alleged violations of the Fair Credit Reporting Act ('FRCA'), 15 U.S.C. § 1681," and argues that plaintiff's "allegations necessarily implicate FCRA violations." Docket No. 1 at 2, ¶¶ 4, 6.

Plaintiff's complaint does not, on its face, demonstrate that his claims are grounded in federal law. His mention of credit reporting agencies does not necessarily raise a federal claim. *See Sylvester v. USAA Fed. Savings Bank*, 2022 WL 909758, at

3

*3 (M.D. Fla. March 29, 2022) (finding that a pro se complaint that referenced credit reporting did not implicate the FRCA); *Williams v. Navient Solutions, LLC*, 2017 WL 3784039, at *2 (D.N.J. Aug. 31, 2017) (finding a complaint that referenced credit reporting that did not state any claim "may end up sounding in areas of state law other than those covered by the FRCA").

"[F]ederal courts do not presume jurisdiction to exist but require an adequate showing of jurisdiction from the party invoking it." *United States ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001). The Court will not draw inferences to create federal jurisdiction where the party invoking it has failed to demonstrate its existence. "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir. 1999) (alteration in original) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Because the face of plaintiff's cause of action does not refer to federal law and could be resolved by the application of state law, his right to relief does not depend on the resolution of a substantial question of federal law. Thus, it does not appear from the face of plaintiff's complaint that his claim arises under 28 U.S.C. § 1331. For these reasons, the Court concludes that it does not have subject matter jurisdiction over this case and will remand it to state court.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that this case is remanded to the Boulder County Combined Court where it was filed as Case No. 2022C426. It is further

**ORDERED** that this case is closed.

DATED May 8, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

5